# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40478
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS VELAZQUEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-137-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Velazquez-Hernandez pleaded guilty pursuant to a conditional plea agreement to conspiracy to import methamphetamine and was sentenced below the advisory guidelines range to 46 months of imprisonment and a three-year term of supervised release. Velazquez-Hernandez appeals the district court's denial of his suppression motion, arguing that his oral and written statements fell outside the six-hour "safe harbor" provision in 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40478

§ 3501(c), that any delay was not justifiable, and that neither the statements nor his *Miranda*[1] waiver had been voluntarily given. We review the district court's "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo," *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014), viewing the evidence in the light most favorable to the prevailing party—here, the Government—*see United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010), and deferring to the district court's factual findings unless there is "a definite and firm conviction that a mistake has been committed," *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010).

Given the record in this case, the district court's finding that the six-hour "safe harbor" period of § 3501(c) began running at 4:30 a.m. and concluded at 10:30 a.m. was not clearly erroneous. *See id.* Accordingly, Velazquez-Hernandez's oral statement was given within the six-hour "safe harbor" period. To the extent that his written statement was given slightly outside of that period, the delay was justifiable as it was due to law enforcement's investigation of the case, interview of the bus driver and other passenger, checking of Velazquez-Hernandez's story with his father, and request that Velazquez-Hernandez commit his oral statement into writing. *See United States v. Boche-Perez*, 755 F.3d 327, 337, 342 (5th Cir. 2014) (finding that "delays related to legitimate law enforcement procedures, such as the administrative booking of the arrestee; coordinating with multiple law enforcement agencies or with the U.S. attorney's office; or verifying alibis" are reasonable).

Finally, to the extent Velazquez-Hernandez contends that his statements or his *Miranda* waiver was involuntary, the § 3501(b) factors and the totality of the circumstances favor a finding that the statements were

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

voluntarily obtained. *See United States v. Cantu-Ramirez*, 669 F.3d 619, 625-27 (5th Cir. 2012). Velazquez-Hernandez confessed after validly waiving his rights, including his right to counsel, and was aware of the charges levied against him. There is no indication that the interview was hostile or coercive: it lasted approximately three hours, which included a break; Velazquez-Hernandez was given medicine when he requested it, along with food and water; and there is no evidence that anyone promised Velazquez-Hernandez anything or threatened him in any way. *See id.* at 627.

AFFIRMED.